**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01772-NYW

ARMEN SAROYAN,

      Petitioner,

v.

JUAN BALTAZAR,
DAVID VENTURELLA,[1]
U.S. ATTORNEY GENERAL, and
U.S. DEPARTMENT OF HOMELAND SECURITY,

      Respondents.

---

### MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 8]. Respondents filed a Response to the Petition, [Doc. 18], and the time to file a Reply has expired, *see* [Doc. 13]. For the reasons herein, the Petition is respectfully **GRANTED in part**.

### BACKGROUND

Petitioner Armen Saroyan ("Petitioner" or "Mr. Saroyan") is a citizen of the (former) USSR who entered the United States in January of 1992. [Doc. 8 at 3]. He became a lawful permanent resident thereafter and has resided continuously in the United States since. [*Id.*]. In April of 2016, Mr. Saroyan became subject to a final order of removal following a state criminal conviction. [*Id.* at 2–3]. He was then released on an Order of Supervision under 8 U.S.C. §§ 1231(a)(6), (a)(3). [*Id.*]. Mr. Saroyan maintains that for

---

[1] David Venturella is automatically substituted for Todd Lyons as a Respondent pursuant to Federal Rule of Civil Procedure 25(d).

the last ten years, he has "complied with all conditions of his supervised release, and ha[s] not sustained any felony convictions."  [*Id.* at 3].

On April 13, 2026, Mr. Saroyan was detained by ICE.  [*Id.* at 2].  Mr. Saroyan alleges that ICE did not provide him with any notice of revocation of release informing him of the reason for his re-detention, any notice of custody determination, any written decision explaining what changed circumstances justify his re-detention, any sort of interview, or the identification of any country to which Mr. Saroyan can be removed.  [*Id.* at 2–3].  Mr. Saroyan is currently detained at the Aurora ICE Processing Center in this District.  [*Id.* at 3].  The Government purports to detain Mr. Saroyan pursuant to 8 U.S.C. § 1231(a).  [Doc. 18 at 1].

Mr. Saroyan "challenges his detention as unlawful based on ICE's decision to revoke his release without providing the required notice and opportunity to be heard" and argues that "his detention violates his right to due process under the Fifth Amendment." [Doc. 1 at 5].  He requests that the Court order Respondents to immediately release him from custody subject to the conditions in his preexisting Order of Supervision.  [*Id.* at 8–9].  While Respondents filed a Response maintaining that Petitioner's detention is lawful under 8 U.S.C. § 1231(a), they concede that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."  [Doc. 18 at 1].

## LEGAL STANDARD

A court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

2

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687–88).

## ANALYSIS

### I.    Revocation of Supervision

Mr. Saroyan argues that his detention is unlawful because ICE violated its own regulations—and his due process rights—by failing to provide notice of revocation of his release and an opportunity to be heard regarding the same. [Doc. 8]. Because the Court finds that Mr. Saroyan is entitled to habeas relief on these grounds, it does not address his remaining arguments. *See Sanchez v. Bondi*, No. 25-cv-02287-CNS, 2025 WL 3484756, at *1 (D. Colo. Dec. 4, 2025); *Zhu v. Genalo*, 798 F. Supp. 3d 400, 415 (S.D.N.Y. 2025).

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period." 8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005). Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "may be detained beyond the removal period," *id.* § 1231(a)(6), or alternatively may be released pending removal "subject to supervision under regulations prescribed by the Attorney General," *id.* § 1231(a)(3). Those regulations, which govern the release and revocation of release of noncitizens subject to a final order of removal, are 8 C.F.R §§ 241.4 and 241.13. *Edlicico v. Baltasar*, No. 26-cv-02406-STV, 2026 WL 1745680, at *3 (D. Colo. June 17, 2026). "Both regulations were intended to provide due process protections to noncitizens

following the removal period as they are considered for continued detention, release, and then possible revocation of release." *Id.* (cleaned up).

When a noncitizen is released subject to supervision, that supervision may only be revoked under specific circumstances: (1) if the noncitizen violates the conditions of his release, or (2) there has been a change in the noncitizen's circumstances such that the Government determines that there is now a significant likelihood that the noncitizen may be removed in the reasonably foreseeable future. *See* 8 C.F.R. §§ 241.4(l), 241.13(i). Given that it is undisputed that Mr. Saroyan did not violate any conditions of his release, revocation of his release may be subject to 8 C.F.R. § 241.4(l)(2) or § 241.13(i)(2). Both regulations require that (1) notice be provided to the noncitizen "of the reasons for revocation of his or her release," and (2) the noncitizen receive "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. §§ 241.4(l)(1),[2] 241.13(i)(2). Additionally, § 241.4(l)(2) requires that the revocation of release be made either by the Executive Associate Commissioner or, under certain circumstances, a district director. 8 C.F.R. § 241.4(l)(2).

The Court agrees with Mr. Saroyan that the revocation of his release was effectuated absent compliance with the above regulations. Respondents do not dispute

---

[2] *See Banega v. Warden of Soft Side S. Facility*, No. 25-cv-01152-JES-DNF, 2026 WL 234042, at *3 (M.D. Fla. Jan. 29, 2026) ("Courts routinely 'interpret[] section 241.4(l) as requiring an informal interview upon the revocation of release regardless of the reason for the revocation'—meaning that the notice and interview requirements stated in § 241.4(l)(1) also apply to revocation under § 241.4(l)(2)." (collecting cases)); *Guerra v. Bondi*, No. 25-cv-01240-G, 2026 WL 114258, at *5–6 (W.D. Okla. Jan. 15, 2026) (finding that notice and interview requirements apply to revocations conducted pursuant to § 241.4(l)(2)); *Funes v. Francis*, 810 F. Supp. 3d 472, 491 (S.D.N.Y. 2025) (collecting cases regarding the same).

Mr. Saroyan's assertions that he was not provided with any notice or informal interview promptly upon being detained.  *See* [Doc. 18].  Nor do Respondents provide any documentation suggesting that that the revocation was made by someone with the requisite authority, as required by § 241.4(l).  *See Nazarian v. Noem*, 5:25-cv-02694-KK-ADSx, 2025 WL 3236209, at *5 n.4 (C.D. Cal. Nov. 3, 2025) (finding that because "Respondents do not specify who made the decision to revoke Petitioner's release[,] . . . to the extent Petitioner's revocation was a discretionary act pursuant to Section 241.4, Respondents do not establish the decision was issued by a properly authorized official").

## II.    Remedy

Courts across the country routinely hold that ICE violating its own regulations in detaining an individual is a due process violation, and this violation makes the detention unlawful and the proper remedy is release.  *See, e.g.*, *Olivera-Martinez v. Valdez*, No. 26-cv-01120-NYW, 2026 WL 1361538, at *3 (D. Colo. May 15, 2026) (collecting cases); *see also* [Doc. 18 (Respondents recognize that the appropriate relief is "an order directing Petitioner's release on conditions")].  Accordingly, the Court respectfully **GRANTS** Mr. Saroyan's habeas petition in part and **ORDERS** Respondents to **immediately release him subject to the terms of his preexisting Order of Supervision**.[3]

---

[3] Because Petitioner makes similar arguments in his Motion to Preliminary Injunction and Temporary Restraining Order ("Motion for TRO") as he does in the Petition, *see* [Doc. 7], and the Court has already granted Petitioner's requested relief of immediate release as to the Petition, the Motion for TRO is respectfully **DENIED as moot**, *cf. Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 8] is **GRANTED in part**;

(2)   Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody subject to the terms of his Order of Supervision;

(3)   Petitioner's Motion to Preliminary Injunction and Temporary Restraining Order [Doc. 7] is **DENIED as moot**; and

(4)   On or before **July 31, 2026**, Respondents **SHALL SUBMIT** a declaration pursuant to 28 U.S.C. § 1746 affirming Petitioner's release from custody.

DATED:  July 24, 2026                           BY THE COURT:

_____

Nina Y. Wang
United States District Judge